Per Curiam.

Respondents, by petition verified June 14, 1948, were charged with professional misconduct. The petition alleges that respondents informed one Nunci Citro, then under indictment for three felonies, to wit: grand larceny, possession of burglars’ tools, and jumping bail, that for $1,000 they would endeavor to fix the cases by having them placed on the calendar before a named judge of the Kings County Court, and when the indictments came to trial they would be disposed of by dismissal of the charges of possession of burglars’ tools and bail jumping, and by a plea of guilty to the grand larceny charge, whereupon Citro would be sentenced to two and a half to five years’ imprisonment. The petition also alleges that Citro’s son paid respondents $1,000 for this purpose, and thereafter respondents informed Citro they were unable to accomplish their purpose, and thereupon respondents repaid Citro the $1,000 by a postdated check to the order of the latter’s son.
Respondents, by supplemental petition verified November 1, 1948, were again charged with professional misconduct. The supplemental petition alleges that respondents prepared a statement in the form of an affidavit for the defense of Citro upon the indictment for jumping bail, and for use on an application to the County Court to vacate the bail bond forfeiture, and caused the same to be sworn to by Citro, knowing that such statement did not set forth the facts and circumstances in the *270 matter; and that respondents instructed or suggested to Citro that he testify falsely in the defense to he offered at the trial of the said indictment for jumping bail.
Respondents, by their answers, denied the charges, but admitted they received the $1,000, contending that it was for the purpose of paying it to associate counsel when directed to do so by Citro, and when the latter instructed them not to turn that sum over to associate counsel, they repaid it by check to Citro’s son. Respondent Rosenberg, by his separate answer to the supplemental petition, also admitted that he ‘1 wrote out two affidavits for Nunci Citro, based upon information imparted to him by the said Nunci Citro. ’ ’
The proceeding was referred to Honorable Charles C. Lockwood, as Official Referee, to hear the proof of the parties and report to this court with his opinion.
It is unnecessary to review the evidence presented during the many hearings, at which respondents were represented by counsel and testified. Suffice to say that the Referee, who has had an extensive experience as lawyer and Justice of the Supreme Court, and had the opportunity of observing the witnesses and determining the value of their testimony, has found, after a thorough and painstaking analysis of the proof, that all the charges contained in the original and supplemental petition were proven “ beyond a reasonable doubt.” We share that view. Therefore, considering only so much of the evidence as relates strictly to the charges contained in the original and supplemental petitions, we hold that those findings of the Referee are supported by the record and they should be confirmed. Hence, as respondents are guilty of professional misconduct involving moral turpitude, they should be disbarred and their names ordered to be struck from the roll of attorneys.
This opinion might well end here. We are reminded, however, that respondents are comparatively young men; that they are industrious and capable; that they have been successful, have heretofore borne good reputations, and have never previously been in trouble. But there is nothing in this record which calls for leniency; nor is there anything which extenuates their conduct. On the contrary, it was clearly established that they testified falsely before the Referee. In addition, the record shows: (1) that respondents knowingly made derogatory, slanderous and false statements concerning a Judge of the County Court, the District Attorney and one of his assistants; (2) that they deliberately, and with intent to cheat, withheld part of the *271 fee which was to have been paid to associate counsel; and (3) that they filed a notice of appearance for Oitro when they knew he had an attorney, and by so doing violated the court rules. While items 1, 2 and 3 were not part of the specifications contained in the original and supplemental petitions, the Referee found that respondents were guilty of such misconduct, and his findings are supported by the evidence, all of which was received by the Referee without objection on the part of respondents, and without motion by either of them to strike such proof from the record. In fact, respondents thereafter submitted evidence in rebuttal. Moreover, respondents were well aware that if an application were made to this court to amend the specifications by adding items 1, 2 and 3, that such application would he granted as matter of course.
The report of the Official Referee should, therefore, be confirmed insofar as it relates to the findings of fact therein contained.
The motion of the Brooklyn Bar Association should he granted, the respondents disbarred, and their names ordered to be struck from the roll of attorneys.
Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.
The motion to confirm the findings of fact contained in the report of the Official Referee and to discipline the respondents is granted, the respondents are disbarred, and their names are ordered to he struck from the roll of attorneys.